May it please the Court, good morning Your Honours, this is Stuart Clarke, appearing for Appellant Patrick Pierce. Your Honours, may I reserve five minutes for reply? Yes, but watch the clock yourself. Thank you. Your Honours, this is an appeal against the dismissal of Mr. Pierce's state law claims on purported ERISA preemption grounds. And the Court respectfully asked, the Appellant respectfully asked the Court to reverse that dismissal and to direct that the case be remanded to State Court. The grounds for the appeal are that the District Court lacked jurisdiction because Pierce's claims are not completely preempted, or alternatively, they're not conflict preempted either. In this Court's recent Marine General case, the Court provided a navigation chart through what my opponent has referred to as the Sargosso Sea of Obfuscation, which is ERISA law. In the Marine General count, the Court reminded us that the initial inquiry into complete preemption determines whether the Court has jurisdiction at all. And in order to determine whether there is complete preemption, there are two criteria, both of which have to be met. The first is that the claims have to, are capable of being brought under ERISA section 502A. And secondly, the claims must not be based on an independent legal duty. Now here, Pierce asserts common law claims for breach of an oral contract which is based on a promise to pay him severance benefits if he continued in employment until the merger between Greater Bay Bank Corp and Wells Fargo Bank had been consummated. And the terms of that oral promise were that if he remained in employment until the consummation of the merger, and he didn't like the position that was offered to him, he could leave the bank and he would be entitled to the severance benefit. Well, let me get to what to me seems to be the problem, real problem. Am I correct that under the first complaint that the allegation was that he was promised that he would be paid benefits under the plan? And under the amended complaint, it says he was promised that he would be paid the same amount of benefits as are provided in the plan. Is that the difference between the first and second complaint? Not exactly, Your Honor. The damages have always been the amount that would be paid under the plan, which he was not covered under. Yes. That was the amount of the damages. Right. Did the first complaint, because I don't think I have the complaint here. Did it say that he would be paid benefits under the plan? Yes, Your Honor. It did allege that. It alleged that the promise was made to provide benefits, and I did say under the plan. And when I... The second complaint did not say under the plan, but said the same benefits in effect as are provided in the plan. Yes, equivalent to. Equivalent. And in between that, Your Honor... Is there a difference between those two in that you can't promise to include someone in the plan orally, but you can promise to pay the same amount of benefits? Your Honor, I'll try to answer that in two parts. I believe if hypothetically the compensation to be paid was $50,000, let's say that the bank said if you work through the consummation of the merger, I'll pay you $50,000. We probably wouldn't be here today because there would be no question that that would be a simple oral contract that was entered into to pay $50,000 if you work through to the consummation of the merger. Now, I did get myself into a pleading jam. I know this is not a trial court, but the offer of proof will be that the bank said if you work through that period to the consummation of the merger, we'll pay you a severance benefit. And I pleaded that as if it would come out of the plan. Then it occurred to me it didn't have to come out of the plan. It was a promise that was unconditional. And that's what you said in the second complaint. In the second. And then in the first amendment complaint, I said it was implied. And then I thought to myself, why would I limit myself in that way? The trier of fact has to decide what the implication is from that promise. And the promise could be met in many ways. It could be met by amending the plan and making him a participant. It could have been done by Wells Fargo Bank paying it out of petty cash. It doesn't matter. The one consistent thing about the complaint from beginning to end is that it has asserted State claims for breach of oral contract based on the promise, a promissory estoppel based on the promise, misrepresentation based on the promise. So you have a completely independent claim. We don't even assume there is a plan. There is a plan. It's not a party to this case. Kagan. Can I interject for just a minute? Because this is an alleged oral contract, obviously we don't have a writing. So we're dependent upon the pleading to tell us what's in the contract. And we've got two different pleadings as to what's in the contract. And at this point, we don't have any testimony. We don't have any declarations. All we have is the complaints. Now, I think it is an accurate statement of the law that an oral contract to include someone in an ERISA plan or to alter an ERISA plan is simply not a valid contract. Am I understanding that law correctly? Your Honor, I know that the argument has been made. I haven't seen any case that says that. I'm going somewhere with that. If that is true, and I'm not asking you to concede that it's true, although it might be helpful to your case to do so. If that's true, that was an illusory promise, if that were promising to include him in the plan, made by someone who should have known better. So maybe that's not what they promised. Maybe it's sort of a way of talking, which is to say that here's the amount that the people under the plan are getting. If you work on, we'll pay you that amount, which is what you allege in the second complaint. Now, if I assume that if we take your complaint narrowly and literally for the first complaint, that there's a promise to pay under the plan out-of-plan funds, I think that's a loser of a claim. And it's certainly a claim that gets you removed to federal court, because that's a clear claim under the plan. But if I assume that your second complaint states a freestanding contract, which is not a contract under the plan at all, it's merely a contract to pay an amount that's determined by looking at what the plan would pay if it were part of the plan, that there is no removal jurisdiction, which complaint do I look to now to see whether you're entitled to remand? Your Honor, you need to look to the second amendment complaint. Because? Because that substitutes entirely for the original complaint. And I apologize. I referred you, the only authority I gave you for that proposition was Schwarzer, Tashima, and Wagstaff's book, Your Honor. And I realized last night when I was preparing at home that I had no law library material. So all I can offer you is your colleague, Judge Tashima's book, that says that the new complaint completely replaces the original complaint. Well, that's true for many purposes. Is it true for purposes of jurisdiction when there was jurisdiction at the time of removal, and now the amended complaint changes the basis? Well, Your Honor, I respectfully disagree with the proposition that even the original complaint provided jurisdiction. Because, and this was the problem I had with Judge Fogel initially, because he said there was some introductory language saying it was going to be paid out of the plan. But it was never, I don't, for example, allege that there was an oral amendment of the plan. We certainly don't. It was a promise to cause severance benefits to be paid. Just like Mr. Pierce might have been told that if he stayed with the bank, he'd get a BMW. It was an independent contract to provide a benefit. And it seems to me that if you promise to do something and you fail to do it, no matter what it is, whether it's to amend the plan or whatever, that would be a breach of the oral contract to perform a certain act. But you're really dealing with the second prong, aren't you, when you're talking about that? Because when we're looking at the first prong of the preemption test, it's whether the plaintiff seeking to assert the state law at some point in time could have brought the claim under ERISA. And it seems to me there's no question you could have brought the claim under ERISA, whether you did or you didn't, under the first prong. But the second prong of the test is whether there's an independent legal duty. And you're suggesting that in the first complaint, you still allege the independent legal duty. Isn't that what you're alleging? No, Your Honor, with respect, I don't believe that we meet the first prong either, because... Well, I guess if that's not what you're alleging, you're alleging that you couldn't, your client couldn't have brought the claim under ERISA? That's correct, Your Honor. You're saying there's no way you could have brought it? Yes, Your Honor, because... Isn't there law that would suggest that one could ask for an amendment even though unenforceable? Your Honor, the ERISA plan obviously has its terms, just like any other contract. As you said, you got yourself in a problem with some awkward pleading. Why don't we just take Judge Smith's first question as a fact, that as to the first of the two prongs, you could have brought it under ERISA. And Judge Smith was trying to ask you about the second prong. Does it — did you have any independent legal right, if I understand correctly? Well, yes. In answer to Judge Smith, certainly we had an independent right, and it was based on the oral contract and the representation that was related to it. So there was an independent legal duty arose under the oral contract and as a consequence of the promise, which gave rise to the promissory stopper claim, and as a result of the misrepresentation. But with the greatest respect, I don't want to give up on the first point, because if I were to sue the ERISA plan, first of all, the promise was not made under the ERISA plan. The promise was not made by the plan administrator. The promise was made by someone who actually had no connection with the plan whatsoever. Well, I guess I'm trying to figure out by reading the first complaint, and it's certainly obvious on reading the first complaint and the second complaint that you saw you had a pleading problem, and so you changed the pleading problem and tried to make it a little bit clearer where you were going. And I guess I'm reading the first complaint, and that's my problem. That's why I was trying to get you to focus on the second plan. Now, let me ask you another question, and I think this goes back to what my colleague said. If the original complaint were completely preempted, and we have jurisdiction because it was completely preempted, then at that point, given the amendment that you made in the second complaint, what is my duty now? I mean, my worry is that if the first complaint were completely preempted, you didn't meet the second prong, and now you want to amend that I also have jurisdiction in the district court. So what do I do? Because they don't lose jurisdiction once having gained it. Then what do I do? Well, Your Honor, I can't point to a case that I would just say as a general proposition that just like any other situation in which the basis for federal jurisdiction disappears, that the court is deprived of jurisdiction. Well, but just a minute. Once having had the jurisdiction, then at that point, you're amending it to assert state law claims. At that point, the district court still has jurisdiction to take those state law claims, as I understand the rules. Under the court's discretion, Your Honor. So then do I then do I should I then remand to determine whether the district court should exercise its supplemental jurisdiction? If you were to find against me, perhaps. But my solution is. If I were to find against you on the first complaint. On the first complaint. But for the reasons. I don't think I'd fight that outcome. Judge Fogel made it very clear that he didn't want this case, and he thought it unfair that he should have to have it. I can guess how he will exercise his discretion if he thinks he has it. Well, Your Honor, I find that district courts tend to do that. Well, and Judge Fogel made it very clear at the end of his order that he thought it was unfair that he should have this case. Well, I think he said the result was unfair, Your Honor. Well, that's exactly what I'm saying. Yes. Unfair to you, not unfair to him. Oh, okay. Yes, it was unfair. I agree with that, Your Honor. But I don't want to beat this point to death, but I do submit that the Second Amendment complaint. I understand the point of jurisdiction initially, but I don't believe that even the initial complaint was completely preempted because it asserted independent claim. And those claims, and that is not one of those claims. I couldn't have sued the ERISA fund for fraud based on the bank's misrepresentation. I couldn't have sued the ERISA fund for breach of contract based on the oral contract. And I couldn't have sued the ERISA fund for promissory stoppel. The plan administrator made no promise. The plan administrator made no representation. So throughout this case, from the very outset, the claims were State court claims that would have been impossible to plead. There would be subject to a 12b6 motion if I tried to plead them against the ERISA plan. The ERISA plan was not a party to any of those promises or representations. Let's say a plaintiff is, his defendant is planned. What could I possibly plead under 502b? Nothing. None of those claims. They would never survive a Rule 12b6 motion. So they are wholly independent, irrespective of the pleading problems which I acknowledge. I had to take, as I said, evidence that the bank made a promise that if you stay and work with the bank, work for the bank until consummation, you'll get severance benefits. And frankly, I never thought there'd be an ERISA problem. I discovered, I had my first experience with ERISA when I got the removal. And I realized that I had pleaded it very sloppily. And frankly, I pleaded it sloppily the second time, too, because I then said it was implicit that they would amend the plan. Then realized that there was no express limitation on that. That was the trier of facts. The problem was to decide what the effect of the bank's promise was. And I wasn't going to commit myself whether they were going to have to amend the plan or get it out of some other source of money. I like your petty cash idea. All right. I think you're over your time. Yes. Ten seconds. Even if you disagree with me on complete preemption with respect in conflict preemption. Well, we might not ever reach conflict preemption if Judge Fletcher suggested one possibility, if you were correct. One possibility is to remand at which point the district court could decide whether to send it back to the state court. Or whether to keep it and decide the state issues. And I think he's given a pretty fair indication of what he would do, what he felt he was forced to do, if he had to decide the state issues. Although I'm not sure that that was correct. I agree. But I don't think we're going to resolve that question at the moment. But you've used more time and I think you'd probably like a little bit for rebuttal. Yes. Well, Your Honor, I also don't believe that you need to reach conflict preemption. Okay. May it please the Court. Greg Richardson for Defendant Wells Fargo. I'd like to start off, Judge Fletcher, with one comment that you made, that there was no declaration or no testimony from a plaintiff in the record that's actually not accurate because there were motions to remand here. And he actually has a declaration on the second amended complaint. And what's interesting about that is, and I can actually cite you where that is, it's on tab 10, page 129, paragraph 5. Hang on, hang on. Okay. Tab 10, I'm there. Now where do I go? Page 129. 129, okay. Paragraph 5. Okay. Where his promise that is alleged, and this is on the second amended complaint, Mr. Pierce declares under penalty of perjury that the promise was he would be entitled to elect severance benefits under GBB's kick plan if we elected not to take full-time positions. That's the same exact promise that appears on the first complaint. So, you know, my position is that to the extent this promise has changed from complaint to complaint to complaint, one, you're not allowed to change what the actual promise is from complaint to complaint to complaint. Two, we now have evidence from a plaintiff in his own testimony that the promise that he was told actually is the exact same promise that appears in the first complaint. Now, what are the date? I read the two complaints, but I can't remember the dates. This declaration from Mr. Pierce was given on January 15, 2009. When was that in relation to the two different complaints? Was it between the two? No. It was after the second amended complaint. So here's the procedure. They filed the complaint. We removed, filed a motion to dismiss, and they filed a concurrent motion to remand. It sounds to me one of the possibilities is, is Mr. Pierce a lawyer? I don't know, sir. It sounds to me as though he may be giving it his understanding and expressed in sort of approximate terms. It might very well be that he doesn't differentiate between promised under the plan or promised equivalent to the plan. That may well be. Unfortunately, what we're left with is it's his testimony, right? It is exactly word for word the same language that appears in the first complaint. But if that's so, they have made a demonstrably unenforceable contract. They promised him something they knew they could not deliver. Would your client have done that? Well, we don't. We've never conceded that these promises were ever made. I understand. Would your client ever have made a promise that your client knew was unenforceable? Because he's alleged a demonstrably unenforceable contract. He's alleging a ---- It's on his face it's unenforceable. Right. He's alleging an oral modification to the plan, which is what we said would be unenforceable. Right. It may not be unenforceable, though, right, if Wells Fargo does have some control over the plan. They could have amended the plan. I'm not sure how or I'm not sure I'd go so far to say that it's going to always be unenforceable. But I wanted to just point out that to the extent that your Honors finds the first complaint completely preempted under 502, based on the representations, and I think that the representations are fairly clear, Mr. Clark actually conceded that he boxed himself into a corner there, that to the extent the promise appears different in the second amended complaint, it either should not be allowed to be different in kind because a promise should be the same promise But we don't have any authority for that. There's many complaints that are alleged and filed that don't say the same as the last complaint. That's just good cross-exam. That doesn't say we don't allow the complaint to be filed. But you're not allowed to contradict earlier. Well, I don't know what case do I go for that even. You can contradict. I've been in district court too long, I guess. I've never found complaints that didn't contradict when they came to the second complaint. We just cross-examine them about that and find them to have some problem. Well, it's not even a contradiction. I mean, for a person to tell you what kind of promise did I get in an oral promise, what the person cares about, I'm going to get the money that's provided in this kind of a plan. That's how I know what I'm getting. I'm getting just as if I'd been in the plan. So whether a person says I'm getting it under the plan or I'm getting it in some process that makes it identical to the plan, that doesn't mean he's contradicting it. It may be under some legal theories, which make this arcane law that was intended to help people who were getting benefits. We turn it into something different by all this legal process. But to the person who's claiming something, he's going to get the benefits that he'd get under the plan. So it's not really from his standpoint it's a contradiction. It may be a contradiction from the standpoint of a lawyer who should know what he's pleading. But it's not a contradiction to the person. I don't disagree with that, Judge Reinhart. What I'm saying is it makes a difference legally and on the effect of jurisdiction and preemption what the promise actually is. And, again, I point you to his declaration stating this is what the promise was. So what I'm left with is this. I'm not asking you to rewrite the declaration. It is what it is. But let's assume that he alleges the following contract. And I'm not telling you that this is necessarily what the complaint says or what his declaration says. He alleges the contract that says if you stay on and work during this period, at the end of that period, if you don't want to work for us any longer, you can leave, irrespective as to whether or not we offer you a comparable point. You can leave, and the money we will give you will be the same money you would have gotten had you qualified under the plan. Assume that that's in the complaint as originally filed in state court. Is that removable under complete preemption under ERISA? As originally in the original complaint, I would say not under Marin Hospital. You know, I don't want to box myself in that corner, but as I understand your promise is this would be a separate promise outside of we're not really referencing the plan at all, right? Except for a way of determining the amount we owe you. That's right, because that seemed to be the issue in Marin Hospital. And so I would say that that's not the case. But that wasn't the promise alleged, which is why I think that there was complete preemption, removal preemption under the first complaint at least. Now, one of the things that I'm not sure whether we are in this now are really in a position to understand precisely what the complaint alleges or what it should be construed to mean. And as I read Judge Fogel's very careful order, he didn't have, this is the jargon we say, he did not have the benefit of Marin General. If he had the benefit of Marin General, he might have conducted a different inquiry as to what that complaint actually said or should be construed to say. I would agree. As soon as, and I know Your Honor wrote that opinion. I thought it was crystal clear. I was very happy with the opinion. I was going to say don't argue about that. I was saying as soon as that decision came out, I also analyzed this differently and I took a different inquiry. But I will say that in terms of conflict preemption, so let's assume that the first complaint, if I can, let's assume that the first complaint was pled so that it's consistent with Marin General and that it was properly removed. The second complaint, because Your Honors talked about the possibility of remand, what Judge Vogel clearly did was analyze the second amended complaint under conflict preemption. He's already found that he didn't do the inquiry whether he had the discretion or he should have used the discretion to kick it back to state court and have them decide the issue, but he did actually quite clearly find that even the second amended complaint relates to, which is a broader test, as we know, to the ERISA kick plan. I don't say this idly. As you know, Judge Vogel is a very good judge. What would be wrong with our simply remanding for his reconsideration of his order in light of Marin General and let it go from there? Because it's clear that as he's drafting his order, he does not have the framework of Marin General in mind. Sure. Could you clarify for me which order you're talking about? Because there were two orders. There was the first order on the motion to remand, finding that the first complaint did have removal jurisdiction, and then there was the second one. I guess I don't want to say specify order, remand to him to decide whether or not he has jurisdiction in light of Marin General. Okay. He certainly didn't do that analysis. That I can see. I would say that it... I think, however, that he did do that, especially in the first order. I think that if we look at the first complaint, it is very clear from the allegations, and, again, as plaintiff has conceded, that what we're looking at here is that I will be entitled to elect severance. Since this would be a motion on the pleading, we're stuck with that particular promise. I don't think that there's any way of interpreting that promise other than how it's clear word. So I think, with all due respect, I think that would be somewhat of an inefficient remand to have him decide whether he has jurisdiction. If your question is whether or not, all right, after that, now you've got the framework, determine whether or not the second amended complaint is also completely preempted and or conflict preempted, he didn't do that analysis, per se. But I do think it's clear that there was jurisdiction here at the time of removal. I guess my worry is there are certain parts of this, and that's why I want you to talk to them, that it seems to me he's really pleading a breach of contract, a misrepresentation. He doesn't plead it against the plan. He does suggest, based on his affidavit, that he would get the benefits that the plan would give him. I guess my worry is, given Marin General, can I really suggest that the second prong is met even on the first complaint? Yeah, so the second prong being the independent legal duty. Yes. Because, as you know, under that prong, we have to determine there is no independent legal duty implicated. We're not asking the legal duty provides for a similar remedy. The question is whether the complaint relies on a legal duty arising independently of ERISA, where, in this particular case, reading the first complaint as best I can, one could suggest, not even suing the plan, but only suing those who gave him the promise, that they were breaching their contract by not paying him the money. Okay. How do I get out of the independent duty, Marin, their place? I think that there are one way to do it is to say that the misrepresentation claims, all these other claims, they're state law duties that are premised on the ERISA plan. Oh, they're not. They definitely relate to. They're not. As he alleges them, they have nothing to do with the plan itself. They have to do with the promise he was made to stay at the employment. That had nothing to do with the plan. But they relate to the plan. Now, I realize I'm going to get into conflict preemption here for one second, but they at least relate to the plan, and there's a slew of cases that we cite that talk about misrepresentations, about the amount of money, the scope of when you're covered, et cetera, are all preempted. They're preempted under conflict preemption. So here's what I would suggest. If they're conflict preempted state law duties, then there's still not going to be any independent state law duty. So if we can look at whether or not under the first prong, whether he could have brought this as a claim for ERISA, that would be yes. Under the second prong, whether or not there's any independent state legal duty, there is no independent state legal duty. Can I ask you this question? Sure. I don't understand why there's conflict preemption if his employer contracts with him. It says, listen, if you stay on, I'll simplify it a little bit. If you stay on for another year, work us through the merger, and if you want to leave after that year, no questions asked, I'll pay you X. Where's the conflict preemption? If that were the promise, I would agree that there may not be conflict preemption. Well, how is the promise different if he says an X is to be determined by I'm just going to look over it there, at that number. I'm not enforcing this under the plan. This has nothing to do with the plan except that X is that number. How does that turn that into conflict preemption? It's related for two reasons. One, because he's already a member of the plan. So the other cases that have been cited in terms of looking at the plan for the measure of damages, the person was not a member of the plan. I understand that, but you've already agreed with me that if he says, if you stay on for a year, you can leave and I'll pay you X. Right. And the only thing I've then added is, and X is, and there's this little formula. And I'm looking over there for the formula. Now, I could have looked, you know, behind me to something else. But I'm just happy to look there. Sure. But here's the problem. And I don't mean to go back to the complaint. That's not what the promise alleges in the complaint. The promise alleged in the complaint is you will be allowed. Now, does that mean you don't want to answer whether or not there's conflict preempted when I say X is that number over there? Oh, I'm sorry. Actually, I thought I had answered that. I said I don't think that that would be conflict preempted. No. So you're sticking with that answer. No, you did answer it. I want to make sure you stuck with it. Oh, yeah, yeah, yeah. I want to make sure you're sticking with that erroneous answer. All right. Then I'll take it back. But at least in terms of this is conflict. This is conflict preempted, I think, the way that has been pledged in the complaint. Okay. Now, please don't take this as a review. I noticed, I think it's just a ministerial complication. There's no table of contents or table of cases. Yes. I want to apologize for that. I discovered that yesterday. I'm sorry. I'm sure it was just an oversight of somebody. Not to worry. Okay. Thank you. I see my time is up. If you have any further questions. Thank you. Thank you. Well, we'll give you just 2.17 left. All right. That's over. I thought we were over. That's our time. Okay. All right. Then we'll give you another two and a half minutes at most. Thank you. I'm going to be very quick. And it may appear corny. It's going to appear that I went to oral argument 101 yesterday because I'm going to agree with each of you, gentlemen. I'm going to agree with Judge Smith that this is a 12B6 motion. You know, the mere fortuity that there's a declaration in there happens because we had a motion to remand at the same time. But it has to be decided on the pleadings. Then, and this sounds obsequious, but I'm then going to be with Judge Reinhart because the pleadings do tend to get a bit fuzzy and they need to be cleaned up. And I agree with your comments, Your Honor. And then finally, Judge Fitch, I'm going to agree with you too, I'm afraid, because Judge Fogel, who is an excellent judge, did not focus on complete preemption. He talked about, he actually called it displacement preemption in one place, but then he did discuss the rules of complete preemption. But he never focused on the independent legal duty. And that, of course, is a key issue that we need to focus on in this court. So, Your Honors, I would ask for the reasons we've discussed, and if you have any questions of me, I would simply ask that you allow the appeal and thereby accomplish both the proper legal solution and you address the unfairness concerns that Judge Fogel mentioned about a person like the bank being immunized from liability for false misrepresentations by the instrument of ERISA, which would be an inappropriate use of ERISA. Thank you, Your Honors. Thank you, counsel. The case to be interrogated will be submitted.
judges: Reinhardt, Fletcher W. , Smith N. R.